## Richards *v.* Dobson, Appellant.

Argued October 8, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ.

408

*John G. Koedel,* for appellant.

*Alice D. Tobias,* for appellant.

*Franklyn E. Conflenti,* for appellees.

OPINION BY MR. CHIEF JUSTICE JONES, November 24, 1959:

The order of the court below, which is the subject of these appeals, consolidates for trial, on the question of damages alone, three suits which were simultaneously instituted by different plaintiffs against the same defendants for equitable relief and damages for injury to improved properties of the plaintiffs as the result of a landslide allegedly caused by the defendants' removal of lateral support. A fourth suit, instituted at the same time as the suits above-mentioned, against the same defendants, by the owners of another property seeking similar redress for the injury caused by the landside, resulted in a decree in favor of the plaintiffs for damages, which, on appeal to this court, was affirmed. See *Lugin v. Dobson,* 376 Pa. 620, 627, 104 A. 2d 95.

The order of consolidation here complained of is based upon a finding by the court below that the parties to the suits covered by the consolidation order had stipulated and agreed that the decision in *Lugin v.*

*Dobson,* supra, should be determinative of the question of the defendants' liability in the untried suits. This finding is well supported by the evidence. Not only did the chancellor record in his notes of the pre-trial conference in the *Lugin* case that the parties had so stipulated but, in his adjudication in that case, he specifically found that the asserted stipulation had been entered into; and, although the defendants filed 527 exceptions to the chancellor's findings in the *Lugin* case (see 376 Pa. at p. 622), they took no exception to the finding that the stipulation with respect to the intended controlling effect of the decision in the *Lugin* case on the question of the defendants' liability had been consummated. Nor was that finding assailed in this court by the appellant-defendants in the *Lugin* case. But it was, nevertheless, a part of the record before us on the defendants' appeal in that case, which we entertained and disposed of on the merits. In view of what Judge O'BRIEN has so clearly set forth in his opinion for the court below on the consolidation order, nothing further need be said.

Order affirmed.